# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

WILLIAM D. WOODARD, JR.,                                                              PETITIONER

V.                                                                 NO. 4:04CV311-D-B

LINDA HOLMAN, et al.,                                                     RESPONDENTS

## OPINION DISMISSING PETITION

This matter is before the court for consideration of dismissal following the response to this habeas petition. Petitioner, an inmate currently incarcerated at the Mississippi State Penitentiary, files this *pro se* petition pursuant to 28 U.S.C. § 2254.

Petitioner asserts that he has been misclassified and is being denied his "right" to earn time because of erroneous information in his prison file. Petitioner explains that the prison records contain an "allegation" that he had escaped or attempted to escape from the Attala County Jail in 1998. He insists that this charge was dismissed without a finding of guilt. Petitioner complains that the simple allegation of escape has been used to calculate his prison classification to a level that requires he be held in "close-confinement." Because of his classification, Petitioner is being denied the opportunity to work and participate in educational classes. In short, Petitioner offers that the escape allegation has been used to escalate his classification to a level which, resultantly, disqualifies him from certain privileges of incarceration. Petitioner is asking that the court prevent the Respondents from using the alleged escape against him and order that it be removed from his institutional record.

Despite his insistence that he never escaped, Respondents contend that the Petitioner left confinement at the Attala County Jail without permission on September 30, 1998 at approximately 2:00 a.m. Later the same day, Petitioner was arrested in Effingham, Illinois, and returned to Mississippi Department of Correction on October 13, 1988. Respondents have provided documentation that supports these events.

As an initial matter, it is highly doubtful that Petitioner has properly exhausted his state court remedies. *Dupuy v. Butler,* 837 F.2d 699, 702 (5th Cir. 1988). Also, it is not at all clear that a habeas petition is the appropriate vehicle to address Petitioner's claims. Nevertheless, the court finds that Petitioner's grievances would be equally unavailing whether based on a Section 1983 or habeas action because he cannot identify a particular property interest guaranteed to him by the Constitution.

**Classification**

Inmates have neither a protectable property or liberty interest to any particular housing assignment or custodial classification, either under the United States Constitution or under Mississippi law. *Hewitt v. Helms*, 450 U.S. 460, 468 (1983); *Meachum v. Fano*, 427 U.S. 215, 224 (1976); *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995); *Wilson v. Budney*, 976 F.2d 957, 958 (5th Cir. 1992); *McCord v. Maggio*, 910 F.2d 1248, 1250 (5th Cir. 1990) (citations omitted); Miss. Code Ann. §§ 47-5-99 to -103 (1993). Prisoner classification is a matter squarely within the "broad discretion" of prison officials, "free from judicial intervention" except in extreme circumstances. *McCord*, 910 F.2d at 1250 (citations omitted). Furthermore, prisoner classification and eligibility for rehabilitation programs are not directly subject to due process protections. *Bulger v. U.S. Bureau of Prisons*, 65 F.3d 48, 49 (5th Cir. 1995). An inmate's disagreement with classification is insufficient to establish constitutional violation. *Neals v. Norwood*, 59 F.3d 530 (5th Cir. 1995). There is no indication that this case presents any extreme circumstances that would warrant the court's intervention. Therefore, Petitioner has failed to state a claim upon which relief may be granted.

**Earned Time**

Petitioner also complains that his current classification level prevents him from earning good-time credit. "Federal habeas relief cannot be had, absent allegation by petitioner that he or she has been deprived of some right secured to him or her by the United States Constitution or by law of the United States." *Malchi v. Thaler*, 211 F.3d 953, 957 (5th Cir. 2000). As noted above, Petitioner has no right to a certain custodial classification. According to the Fifth Circuit, neither does Petitioner

have a right to earn good-time credits. *Id.* at 959. Thus, the petition fails to state a claim and habeas relief shall be denied.

## No Right to Prison Job

Similar to prison classification, the Constitution does not confer inmates a constitutional right to a particular job assignment. *Bulger*, 65 F.3d at 50 (loss of prison job does not implicate prisoner's liberty interest even though the prisoner lost the ability to automatically accrue good-time credits); *Altizer v. Paderick*, 569 F.2d 812, 813 (4th Cir. 1978). The assignment of an inmate to a particular job is a matter of prison administration which falls within the sound discretion of the prison officials. *Gardner v. Johnson*, 429 F.Supp. 432 (E.D. Mich. 1977). As such, the Petitioner is not entitled to a hearing to on the issue of his employment within a state prison, and his habeas petition should be dismissed. *See also Sandin v. Conner*, 515 U.S. 472, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995).

A final judgment in accordance with this opinion will be entered.

THIS the 6th day of March, 2007.

/s/ Glen H. Davidson
Chief Judge